# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDREW M. OBRIECHT,

      Plaintiff,

v.                                                Case No. 10-CV-221

RICK RAEMISCH, WARDEN LARRY JENKINS,
SCOT GALLIGAN, LT. PAMELA ZANK,
HALEY PUCKER, CAPTAIN STEVEN HAFERMAN,
and KELLY SALINAS,

      Defendants.

## ORDER

The plaintiff, Andrew M. Obriecht, who is incarcerated at Kettle Moraine Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Despite filing a petition to proceed *in forma pauperis*, he has paid the full filing fee.

Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "does not need detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. ___ , 129 S. Ct. 1937, 1949 (2009). It does not suffice if the complaint offers only "labels and conclusions," "naked assertions," or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). This "facial plausibility" standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, in reviewing a complaint, courts reject those allegations that are mere conclusions, and determine whether the facts alleged "plausibly give rise to an entitlement to relief" by "permit[ting] the court to infer more than the mere possibility of misconduct." *Id*. at 1950.

The plaintiff's complaint names seven defendants, including the Secretary of the Wisconsin Department of Corrections and the Warden and six staff members at the Kettle Moraine Correctional Institution. Along with his sixteen-page complaint, the plaintiff filed an appendix containing more than 150 pages of exhibits, which are part of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). While the

plaintiff's sixteen-page complaint narrative asserts eight constitutional claims and contains extensive legal argument, most of his claims do not specify the relevant defendants, or describe their actions. The voluminous exhibits contain additional details, but do not clearly indicate which defendants are related to which claim. In addition, "[d]istrict courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 n. 1 (7th Cir. 2006). To state a claim, a complaint must "adequately connect specific defendants to illegal acts," *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009), and it must also be "short and plain." Fed. R. Civ. P. 8(a).

If the plaintiff wishes to proceed, he must file an amended complaint that is short and plain, that identifies the defendants relevant to each claim, and that states how each defendant was personally involved in violating his rights related to that claim. The plaintiff's amended complaint should include factual allegations, not legal citation and argument, and must "ground his legal conclusions in a sufficiently plausible factual basis." *Brooks*, 578 F.3d at 882. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id*.

(citations omitted). Such amended complaint must be filed on or before **June 4, 2010**. Failure to file an amended complaint within this time period may result in dismissal of this action. Accordingly,

**IT IS ORDERED** on or before **June 4, 2010**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed *in forma pauperis* (Docket #3) be and the same is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the plaintiff's motions to appoint counsel and for exhaustion of administrative remedies (Docket #5 and #6) be and the same are hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden at the correctional institution where the plaintiff is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge