# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDREW M. OBRIECHT,

        Plaintiff,

v.                                              Case No. 10-CV-221

RICK RAEMISCH, WARDEN LARRY JENKINS,
SCOT GALLIGAN, LT. PAMELA ZANK,
HALEY PUCKER, CAPT. STEVEN HAFERMAN,
KELLY SALINAS, SHARON WEAVER,
CAPT. THIEDE, LT. CASEY, RON ERDMIER,
LT. STAHLER, MARY BLOCZYNSKI, KEBERLEIN,
JAYNE HACKBARTH, DONALD WHITE,
ALFONSO GRAHAM, STEVEN SCHUELER,
TIMOTHY LUNDQUIST, CO II KALMUS,
CO II JOHNSON, LINDA CROFTS,
WELCOME ROSE, SGT. JAUGER,
CO II ANDREWS, CO II MEYER,
SGT. MIHMS, SGT. GUELL, SGT. GILL,
SGT. BOROWSKI, SGT. WESTPHAL,
SGT. DHEIN, JANE DOE, JOHN DOES,
STEVE AUSTIN, LT. OLSON, JOHN RAY,
TOM GOZINSKE, P. KONEN, SGT. STAGEMEN,
ROSIE EICKHOFF, JAMES DOYLE, and
JB VAN HOLLEN,

        Defendants.

# ORDER

The plaintiff, Andrew M. Obriecht, who is incarcerated at Kettle Moraine Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Despite filing a petition to proceed *in forma pauperis*, he has paid the full filing fee.

Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or

officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no

heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**FACTUAL BACKGROUND**

The plaintiff was incarcerated at Kettle Moraine Correctional Institution at all times relevant. He alleges that various prison officials retaliated against him for filing grievances concerning prison conditions. These grievances centered on the plaintiff's involuntary exposure to tobacco smoke and asbestos and on an allegation that prison officials limited his contact with attorneys.

Specifically, the plaintiff states that he sent "unsolicited pen pal letters to perspective [*sic*] pen pals." Compl. at 1. According to the complaint, several of the potential pen pals asked that no further contact be made; the plaintiff agreed to sign no-contact forms. Later, the plaintiff alleges that he was given permission to use a

typewriter at the prison to write letters to other pen pals. However, defendant Zank issued a conduct report stating that the plaintiff "did not have permission to use the typewriter" and that the "plaintiff use[d] mail for the purpose of intimidation." Compl. at 2. The plaintiff alleges that this conduct report was falsified. *Id.*

The plaintiff was subsequently given a hearing on the matter. The hearing officer, defendant Galligan, sentenced the plaintiff to 180 days in segregation and recommended transfer to a maximum security facility. According to the plaintiff, this decision was made to prevent him from filing grievances on prison conditions in the future. The plaintiff also alleges that he was not allowed to call witnesses whose testimony could have proved his innocence. Finally, he alleges that his appeals and parole were denied on the basis of the hearing officer's "clearly erroneous" decision. Compl. at 4.

First, the plaintiff claims that the conduct report and the decision to place him in segregation violated his First and Fourteenth Amendment rights, as such actions were taken in retaliation for the grievances he filed regarding prison conditions. Second, he claims that his procedural due process rights were violated at his hearing. This claim is based on the hearing officer's refusal to allow the plaintiff to call witnesses, which the plaintiff again contends was in retaliation for the grievances. Third, the plaintiff claims that his substantive due process rights were violated "for the purpose of retaliation" when the defendants "denied grievances, found plaintiff guilty of violation and sentenced him to segregation for 180 days at

due process hearing, affirmed disciplinary hearing finding of guilty and sentence on appeal, denied parole, removed him form [*sic*] job placement, and raised custody to maximum security." Compl. at 5. Lastly, the plaintiff asserts a conspiracy claim: in his complaint, he states that "[d]efendants . . . did conspire to retaliate and deprive plaintiff of due process . . . The defendants knew the objective as evidenced by their writing, approving, and finding him guilty on [an] obviously false report, denying grievance and appeal on false report, raising his custody level and taking his job based on false report, and denying his parole." Compl. at 6.

The plaintiff asks for relief in the form of compensatory and punitive damages.

**I.    Retaliation**

A prisoner's retaliation claim is subject to a liberal notice pleading standard. *See, e.g.*, *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The bare minimum in a retaliation claim are the facts that would apprise the defendants of what the plaintiff did to provoke the alleged retaliation and what the defendants did in response. *See id.*, *Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2002); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).

Moreover, prisoners have a Fourteenth Amendment due process right to meaningful access to courts. Thus, prison officials cannot hinder prisoners from this access or retaliate against prisoners who attempt to exercise their constitutional rights. *See Bounds v. Smith*, 430 U.S. 817, 821-22 (1977); *Williams v. Lane*, 851 F.2d 867, 878 (7th Cir. 1988).

In the present case, the plaintiff's complaint easily meets the liberal notice pleading requirements. He identified the retaliatory action (the filing of a false conduct report and his subsequent placement in segregation and maximum-security prison), named the defendants, and asserted a constitutionally-protected activity that resulted in retaliation (filing grievances). *See Higgs*, 286 F.3d at 439; *Hoskins*, 395 F.3d at 375.

To succeed on the retaliation claim, however, the plaintiff must show that his grievances were not frivolous: a prisoner's right of access to the courts does not extend to frivolous claims. *See Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996); *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). Although the plaintiff has stated a claim for which relief may be granted, he has not addressed the basis for his grievances in his complaint. This issue must be addressed in order for the plaintiff's claims to move forward at the next stage.

With regard to his retaliation claim, the court finds that the plaintiff has alleged sufficient facts to support a claim that his Fourteenth Amendment rights were violated.

## II. Procedural Due Process

The plaintiff also claims a violation of his procedural due process rights. According to the plaintiff, the hearing officer violated his due process rights by refusing to allow the plaintiff to call various witnesses at his hearing. He additionally claims that various defendants "violate[d] the plaintiff's procedural due process

right's [*sic*] when, for the purpose of retaliation, they took adverse [*sic*] to him in the ICRS, disciplinary process, PRC procedure, [and] BOCM and parole proceedings." Compl. at 5. Finally, he claims that the hearing officer's decision was "clearly erroneous" and not supported by fact or law; thus, because the officer's ruling went against the evidence, the order and sentence violated his procedural due process rights. See Compl. at 4-5.

To proceed with a federal due process claim, a plaintiff must allege that he or she was deprived of a liberty or property interest without due process of the law. *See, e.g.*, *Marion v. Columbia Correctional Institution*, 559 F.3d 693, 697 (7th Cir. 2009). A prisoner's placement in segregation may create a liberty interest "if the length of segregated confinement is substantial *and* the record reveals that the conditions of confinement are unusually harsh." *Id.*

Discipline in a segregated environment for thirty days generally does not present an "atypical, significant deprivation" in which a state might create a liberty interest. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). However, the Seventh Circuit has ruled that the issue of whether 240 days in disciplinary segregation is a type of "atypical, significant hardship" cannot be decided at the pleading stage of a due process claim. *Marion*, 559 F.3d at 697-98. Thus, a prisoner who is held in segregation for a length of time comparable to 240 days *may* have a liberty interest against such segregation. *See id.*

Unusually harsh conditions are also required to create a liberty interest regarding disciplinary segregation. *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005). In *Wilkinson*, for instance, the plaintiffs "were denied virtually all sensory and environmental stimuli, permitted little human contact and disqualified from parole eligibility"; the Supreme Court stated that, although "any of these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship." *Id.*

If a liberty interest is created based on the length of time and conditions of segregation, prison disciplinary hearings must meet the following requirements to satisfy procedural due process: "1) [w]ritten notice of the charge against the prisoner, given at least twenty-four hours prior to the hearing; 2) [t]he right to appear in person before an impartial hearing body; 3) [t]he right to call witnesses and to present documentary evidence, when to do so will not unduly jeopardize institutional safety or correctional goals; and 4) [a] written statement of reasons for the disciplinary action taken." *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Moreover, a complaint states a claim for violation of procedural due process rights when it "alleges that . . . defendants repeatedly and systematically filed and approved false and unjustified disciplinary charges, which resulted in segregation and the loss of good time." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). In *Black*, for instance, the court held that the plaintiff stated a claim for violation of his procedural due process rights when he alleged that the disciplinary decisions were not supported

by evidence and were instead made in retaliation for the exercise of his constitutional rights. *Id.*

In the present case, the plaintiff has asserted a liberty interest based on the length of time and conditions of his confinement. *See Marion*, 559 F.3d at 697-98; *Wilkinson,* 545 U.S. at 224. The *Marion* court's holding is applicable to the present case, as the plaintiff's 180-day sentence is relatively close to the prisoner's 240-day sentence in *Marion*. *See Marion*, 559 F. 3d at 697-98*.* Thus, 180 days in segregation may be sufficient to create a liberty interest. *See id.* The plaintiff's conditions of confinement could also be viewed as unusually harsh: he was placed in a maximum-security facility, had little to no human contact, and was denied parole. *See Wilkinson,* 545 U.S. at 224.

Because a liberty interest was created, the plaintiff should have received procedural due process protections before being deprived of such interest. *See, e.g.*, *Marion*, 559 F.3d at 697. Here, he alleges a denial of procedural due process because he was not allowed to present witnesses at his hearing; like the plaintiff in *Black*, he also alleges that the disciplinary decisions were not supported by evidence and were instead made for retaliatory purposes. *See, e.g.*, *Cain*, 857 F.2d at 1145; *Black*, 22 F.3d at 1402. These allegations are sufficient to form the basis of a procedural due process claim. *See, e.g.*, *Cain*, 857 F.2d at 1145; *Black*, 22 F.3d at 1402. Thus, the court finds that the plaintiff has alleged sufficient facts to support a claim that his procedural due process rights were violated.

### III. Substantive Due Process

The plaintiff further asserts that his substantive due process rights were violated. According to the plaintiff, "[i]ssuing a [false] disciplinary report on retaliatory grounds violates substantive due process." Compl. at 7. Moreover, he claims that his substantive due process rights were violated when the defendants "denied grievances, found plaintiff guilty of violation and sentenced him to segregation for 180 days at due process hearing, affirmed disciplinary hearing finding of guilty and sentence on appeal, denied parole, removed him form [*sic*] job placement, and raised custody to maximum security." Compl. at 5.

If a plaintiff has asserted a substantive due process claim that raises a different issue than his procedural due process claim, he may address such an issue. *Graham v. Connor*, 490 U.S. 386, 393 (1989); *Albright v. Oliver*, 510 U.S. 266, 271 (1994). However, in asserting a substantive due process claim, the plaintiff must specify the constitutional right allegedly infringed. *Graham*, 490 U.S. at 393; *Albright*, 510 U.S. at 271.

Substantive due process claims have historically been related to matters involving marriage, family, procreation and the right to bodily integrity: "[a]s a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Albright*, 510 U.S. at 271.

Additionally, with regard to allegations of falsified conduct reports, the Seventh Circuit has held that "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *See Lagerstrom v. Kingston*, 463 F.3d 621, 623 (7th Cir. 2006). Although allegations of falsified conduct reports generally do not raise substantive due process issues, courts have found exceptions in claims grounded in allegations of retaliation. *Black*, 22. F.3d at 1402-03 (7th Cir. 1994); *see Lagerstrom*, 463 F.3d at 623. For example, the Seventh Circuit has stated that "[i]ssuing false and unjustified disciplinary charges can amount to a violation of substantive due process *if the charges were in retaliation for the exercise of a constitutional right*." *Black,* 22 F.3d at 1402-03 (emphasis added); *see Lagerstrom*, 463 F.3d at 623.

Here, the plaintiff claims that the falsified conduct report occurred in retaliation for the exercise of a constitutional right – the filing of grievances. *Black,* 22 F.3d at 1402-03; *see Lagerstrom*, 463 F.3d at 623. Thus, the court finds that the plaintiff has alleged sufficient facts to support a claim that his Fourteenth Amendment substantive due process rights were violated.

However, with regard to the remainder of his substantive due process claim (i.e., those allegations relating to the denial of grievances, segregation sentence, etc.), the court finds that the plaintiff has failed to raise different issues than the issues addressed in his procedural due process claim. *See Graham*, 490 U.S. at

393; *Albright*, 510 U.S. at 271. Because the Supreme Court has been reluctant to expand the concept of substantive due process, and because these portions of the plaintiff's complaint are identical to his procedural due process claim, such portions shall be dismissed for failure to state a claim for which relief may be granted. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (*quoting Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

## IV. Conspiracy

Finally, the plaintiff claims that "[d]efendants . . . did conspire to retaliate and deprive plaintiff of due process." Compl. at 6.

A conspiracy claim is not an independent basis of liability in § 1983 actions. *Lewis v. Washington*, 183 Fed. Appx. 553 (7th Cir. 2006) (unpublished). Thus, to establish liability under § 1983, a plaintiff must show that he was deprived of his constitutional rights as a result of the conspiracy. *See Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). Moreover, according to the Seventh Circuit, it is enough in the pleading stage of a conspiracy claim to indicate the parties, general purpose, and approximate date of the conspiracy. *See, e.g.*, *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

In the case at hand, the plaintiff has grounded his conspiracy claim in his retaliation theory. Thus, he argues that the state officials conspired against him because he exercised a constitutional right (i.e., the right to meaningful access to the

courts). *See, e.g.*, *Williams v. Seniff*, 342 F.3d at 785; *Bounds*, 430 U.S. at 821-22; *Williams v. Lane*, 851 F.2d at 878. Furthermore, he has indicated the parties involved in the alleged conspiracy (Defendants Raemisch, Gozinske, Jenkins, Pucker, Zank, Galligan, Schueler, Haferman, Eickhoff, Keberlein, Bloczynski, John Doe, Hackbarth, Graham, and Weaver), the general purpose (in retaliation for his grievances and to prevent him from filing future grievances), and approximate date of the alleged conspiracy (beginning with the typewriter incident and continuing until his placement in the maximum-security facility). *See Hoskins*, 320 F.3d at 761.

With regard to his conspiracy claim, the court finds that the plaintiff has alleged sufficient facts to support a claim that his constitutional rights were violated.

## V. Personal Involvement

According to the Seventh Circuit, an individual cannot be held liable in a § 1983 action unless the individual caused or participated in an alleged constitutional deprivation. *See, e.g.*, *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). An official is personally involved if he or she participated directly in the constitutional deprivation or acted or failed to act with reckless disregard for the plaintiff's constitutional rights; an official may also be liable if the conduct which deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. *See id.* at 273-74. Supervisory responsibility is insufficient to establish personal liability unless the subordinate acted or failed to act based on instructions. *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998). In addition, a

plaintiff must state in his or her complaint the facts indicating a defendant's direct, personal involvement. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Here, the plaintiff has failed to allege direct, personal involvement of the following defendants: Kelly Salinas, Lt. Stahler, Donald White, Timothy Lundquist, Co. II Kalmus, Co. II Johnson, Linda Crofts, Welcome Rose, Sgt. Jauger, Co. II Andrews, Co. II Meyer, Sgt. Mihms, Sgt. Guell, Sgt. Gill, Sgt. Borowski, Sgt. Westphal, Sgt. Dhein, Steve Austin, Lt. Olson, John Ray, P. Konen, Sgt. Stagemen, James Doyle, and JB Van Hollen. *See id.* The plaintiff has also not stated any facts showing that the alleged violation of his constitutional rights occurred at these defendants' directions or with their knowledge and consent. *See Rascon*, 803 F.2d at 273-74. Thus, the listed defendants will be dismissed. *See id.*

## CONCLUSION

In sum, the plaintiff may proceed with his retaliation claim and with the underlying conspiracy and due process claims. However, several defendants shall be dismissed from the action.

**IT IS HEREBY ORDERED** that defendants Kelly Salinas, Lt. Stahler, Donald White, Timothy Lundquist, Co. II Kalmus, Co. II Johnson, Linda Crofts, Welcome Rose, Sgt. Jauger, Co. II Andrews, Co. II Meyer, Sgt. Mihms, Sgt. Guell, Sgt. Gill, Sgt. Borowski, Sgt. Westphal, Sgt. Dhein, Steve Austin, Lt. Olson, John Ray, P. Konen, Sgt. Stagemen, James Doyle, and JB Van Hollen, be and the same are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Attorney General for service on the state defendants.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge